CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 11 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| MAC K., | ) |
| Plaintiff, | ) Case No. 4:18-cv-00043 |
| v. | ) **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) By: Hon. Jackson L. Kiser<br>Senior United States District Judge |
| Defendant. | ) |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 16], deny Plaintiff's Motion to Summary Judgment/Motion to Remand [ECF No. 14], and affirm the Commissioner's decision. The R&R was filed on August 29, 2019 [ECF No. 18], and Plaintiff filed his Objection on September 9 [ECF No. 19]. The Commissioner responded on September 12 [ECF No. 20], so the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's Objection and grant the Commissioner's Motion for Summary Judgment.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

In February 5, 2015, Plaintiff Mac K. ("Plaintiff") filed an application for disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the Act"). See 42 U.S.C. §§ 401–33 (2018). In his application, Plaintiff alleged that he had been disabled since June 29, 2014, due to a combination of degenerative joint disease, anxiety, depression, chronic obstructive pulmonary disorder ("COPD"), and hypertension. (See, e.g., R. 71–72.) The Commissioner denied Plaintiff's claims initially on September 25, 2015 (R. 71–84), and again upon reconsideration on November 19, 2015 (R. 86–100).

Plaintiff requested a hearing before an Administrative Law Judge and on June 14, 2017, Plaintiff appeared with his attorney before Administrative Law Judge Mark O'Hara ("the ALJ"). (R. 31–67.) Both Plaintiff and a vocational expert ("VE"), Barry Hensley, testified. (Id.) In a written decision dated September 28, 2017, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 15–26.) The ALJ found that Plaintiff suffered from obesity, spine disorder, right shoulder disorder, and chronic obstructive pulmonary disease ("COPD"), which qualified as severe impairments. (R. 17 (citing 20 C.F.R. § 404.1520(c).) The ALJ also found Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19–20 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, & 404.1526).)

After consideration of the entire Record, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), that involves

> only occasional climbing [of] ladders/ropes/scaffolds and crawling and frequent, but not constant, reaching with the right upper extremity and that avoids concentrated exposure to respiratory irritants (such as fumes, odors, dust, gases, and poor ventilation).

(R. 20.) The ALJ concluded that, based on his determination of Plaintiff's RFC, Plaintiff could perform his past relevant work as a cement machine operator. (R. 24–25 (citing 20 C.F.R. § 404.1565.) The ALJ alternately found that Plaintiff could perform other jobs that exist in the national economy, such as filling machine operator, and packer, and brewery worked. (R. 25.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 26.) The Appeals Council considered Plaintiff's reasons for setting aside the ALJ's decision, but ultimately determined that his reasons did not provide a basis to change the decision. (R. 1–3.) The decision of the ALJ became the final decision of the Commissioner on May 24, 2018. (Id.)

On July 6, 2018, Plaintiff filed suit in this court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. On January 14, 2019, Plaintiff filed a Motion for Summary Judgment/Motion to Remand [ECF No. 14], and the Commissioner filed a Motion for Summary Judgment on February

13 [ECF No. 16]. On August 29, Judge Hoppe filed a Report and Recommendation ("R&R"), recommending that I grant the Commissioner's motion for summary judgment and affirm the decision of the Commissioner. (R&R, Aug. 29, 2019 [ECF No. 18].) Plaintiff filed a timely objection on September 9 (Pl.'s Obj., Sept. 9, 2019 [ECF No. 19]), and the Commissioner responded on September 12 (Comm'r Response to Pl.'s Obj., Sept. 12, 2019 [ECF No. 20]. Accordingly, this matter is now ripe for review.

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the

claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. **DISCUSSION**

Plaintiff's primary objection goes to the ALJ's adoption of some of the opinions of the state-agency examiners, but rejection (allegedly without explanation) of others. (See Pl.'s Obj. pgs. 1–2 [ECF No 19] ("[T]he ALJ ignored the opinions of DDS physicians who stated that one or more of King's medically determinable impairments could reasonably by expected to produce King's pain or other symptoms. These opinions were, in effect, medical opinions that King established

- 5 -

Step One of the two-step <u>Craig</u> analysis. To reject these opinions, the ALJ first had to acknowledge them, then weigh them and give reasons for the weight he assigned them. The ALJ did not do any of these things.").)

The role and weight of "medical opinions" are relatively well-settled. "Medical opinions are statements from physicians and psychologists and other 'acceptable medical sources' that reflect judgments about the nature and severity of an individual's impairment(s), including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions." SSR 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2006) (citing 20 C.F.R. §§ 404.1527(a)(2) & 416.927(a)(2)). When reviewing acceptable medical opinions, the regulations outline several factors that are considered when determining what weight to assign to the opinions, including examining relationship, treatment relationship, supportability, consistency, specialization, and other factors. <u>See, e.g.</u>, 20 C.F.R. § 404.1527(c).

At issue here is whether the ALJ gave sufficient reasons for rejecting part of the state-agency reviewers' opinions regarding whether Plaintiff's impairments could reasonably be expected to cause his pain in the amount and degree alleged. King argues that the ALJ "gave no sign of having rejected the DDS physicians' opinions to any degree" (Pl.'s Obj. pg. 2), but that ignores inconvenient language of the ALJ's written decision. The ALJ stated that he only "***generally*** adopted the assessments of the DDS physicians." Based on this language, it is not correct to argue that the ALJ gave "no sign" of rejecting any part of the DDS physicians' opinions.

Moreover, even if the ALJ's decision were read in the manner Plaintiff contends, remand would still not be warranted. First, even though the ALJ accepted most of the DDS physicians' opinions, he is not required to accept or reject an opinion wholesale. Accord Jones v. Colvin, No. 14-273, 2015 WL 5056784, at *14 (W.D. Va. Aug. 20, 2015) ("[A]lthough the ALJ gave Dr. Gardner's opinion great weight, he was not required to adopt every limitation contained therein."). The ALJ's opinion, when read *en toto*, gives sufficient reasons for rejecting parts of the DDS physicians' opinions regarding Plaintiff's conditions and symptoms. For example, he specifically stated that "imagery and testing evidence does not provide objective support for an impairment that could reasonably produce the extent or intensity of the claimant's expression of subjective pain and other symptoms." (R. 22.) Thus, while the DDS physicians found that "one or more of the individual's medically determinable impairment(s) reasonably [could] be expected to produce the individual's pain or other symptoms" (R. 79), the ALJ expressly found that such a conclusion was not support by imagery and testing evidence. This conclusion was required by the applicable regulations:

> Medical signs and laboratory findings, established by medically accepted clinical or laboratory diagnostic techniques, **must show** the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 404.1529(b) (emphasis added). The ALJ's opinion stated why it rejected the conclusion the DDS physicians reached on this point, and Plaintiff's argument is not supportable on this record.

Plaintiff's argument is more properly considered as one advocating for a clearer written opinion from the ALJ. On this point, he is correct. But the lack of a level of clarity desired by Plaintiff is not grounds for reversal. Rather, on its face, the ALJ offered a legally justifiable reason for rejecting a portion of the DDS physicians' conclusions, see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) ("[I]f a physician's opinion is not supported by clinical evidence . . . , it should be accorded significantly less weight."), and Plaintiff's argument does not warrant reversal.

Plaintiff next contends the ALJ erred in finding that he could perform his past relevant conduct as a cement machine operator. On this point, the ALJ alternatively found that, even if Plaintiff could not perform past relevant work, he would still not be considered disabled. The Magistrate Judge concluded that, even if the ALJ did err in finding Plaintiff could perform past relevant work, that error was harmless in light of his alternative finding of "not disabled." Plaintiff contends that the alternative finding was legally flawed, and thus the ALJ's initial error was not harmless. I disagree.

Even granting that the ALJ erred in his primary conclusion, he correctly concluded that Plaintiff was "not disabled" under the Medical-Vocational Guidelines, commonly referred to as the Grids. The ALJ first concluded that Plaintiff was an individual of advanced age on the alleged disability onset date. Plaintiff subsequently

changed age categories and later was categorized as closely approaching retirement age. Plaintiff completed 9th grade, which meant that he had "limited" education, see 20 C.F.R. § 404.1564(b)(3) ("We generally consider that a 7th grade through the 11th grade level of formal education is a limited education."), as the ALJ correctly found. With those findings, regardless of his age category and regardless of how his prior work experience was classified, the Grids called for a finding of "not disabled." See 20 C.F.R. Part 404, Subpart P, App'x 2 Rule 203.03 (directing a finding of not disabled for a person closely approaching retirement age with limited education and unskilled previous work experience); id. Rule 203.11 (directing a finding of "not disabled" for a person of advanced age with "limited or less" education and unskilled previous work experience). Contrary to Plaintiff's assertions, he did not "grid out" under the applicable regulations.

Plaintiff's argument appears to be premised on his conclusory assertion that he has *no* previous work experience. (See Pl.'s Obj. pg. 3.) The ALJ found the opposite to be true (see R. 24), and Plaintiff offers no argument as to why his prior employments do not qualify as "previous work experience." He made no such argument to the Magistrate Judge, and fails to offer any argument or support for his blanket assertion here. Considering that the Grids direct a finding of "not disabled" and that the vocational expert testified that jobs existed in the national economy that Plaintiff could perform considering Plaintiff's residual functional capacity as found by the

ALJ,[1] any error in determining that Plaintiff could perform past relevant work was harmless, remand is not warranted, and the ALJ's decision must be affirmed.

## IV. CONCLUSION

For the foregoing reasons, the ALJ's conclusion is legally sound and supported by substantial evidence. Plaintiff's Motion for Summary Judgment/Motion to Remand will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the final decision of the Commissioner will be affirmed.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 11th day of February, 2020.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The ALJ concluded that Plaintiff could perform medium work, with some additional limitations. Because Plaintiff was not limited to work with a "light" or "medium" exertional levels, the Grids do not fully control in this case. In that instance, it was proper for the ALJ to rely on competent testimony from the VE to determine whether jobs exist in the national economy that Plaintiff could perform. Here, the VE so testified, the ALJ so found, and the finding of "not disabled" was proper. See Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983) ("[T]he regulations note that individualized consideration must be given when nonexertional impairments further narrow the range of jobs available to the claimant, considering his exertional impairments." (citing 20 C.F.R. Part 404, Subpart P, App'x 2, § 200.00(d)(2)).